**Robert V. SATCHELL,**
**Plaintiff/Respondent,**

v.

**Julie E. WOOD, f/k/a Julie E. Cronin,**
**Defendant/Appellant.**

**No. 70396.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 11, 1997.

Alfred J. Rathert, Fenton, for defendant/appellant.

Robert B. Satchell, Pacific, pro se.

GERALD M. SMITH, Judge.

Defendant, Julie Wood, appeals from a summary judgment entered against her in plaintiff Robert Satchell's suit for recovery of attorney's fees. We reverse and remand.

Plaintiff's petition alleged that defendant retained the services of plaintiff in her dissolution of marriage case. She signed a letter contract in April 1993 confirming such retention and agreeing to pay the attorney at the rate of $95 per hour. The contract provided for interest at the rate of 12% on balances due after 60 days. In March 1994, plaintiff filed a motion for leave to withdraw from the dissolution action. At the time of his withdrawal, he alleged there was a balance due from defendant of $5,231 for services rendered and advanced costs.

Defendant filed an answer in which she admitted signing the letter agreement. She denied all other allegations of the petition except plaintiff's status as a lawyer. As affirmative defenses, she alleged that plaintiff breached the contract without specifying in what way, and alleged that most of the time spent by the plaintiff was unnecessary and was done "with no reasonable likelihood that they would be beneficial to defendant". Plaintiff filed no reply to the answer.

On November 8, 1995, plaintiff filed a motion for sanctions in which he alleged that "on or about" September 29, 1995, he served his request for admissions and interrogatories related thereto on the defendant by ordinary mail. He further alleged that defendant's response to the request for admissions was due "on or about" November 2, 1995 "the thirtieth day following service". The request for admissions in the legal file contains no statement of service, nor do the court minutes in the legal file reflect a certificate of service of the request for admissions as required by Rule 59.01(b).

Also on November 8, plaintiff filed his motion for summary judgment. In that motion he premised his right to summary judgment on defendant's failure to deny that plaintiff furnished legal services to defendant, that he withdrew from the representation, that at the time of withdrawal defendant owed plaintiff for such services, that an attached list of services were provided during the course of the representation, that the services listed reasonably required the amount of time stated, that each item of service was reasonable and necessary to the defense of the dissolution action, and that the charges for each item of service was a fair and reasonable charge.

The legal file contains a series of documents bearing the stamp of the Circuit Clerk of Franklin County and the date of December 7, 1995. Those documents are: (1) Defendant's request for leave to file answers to interrogatories and answers for requests for admissions, (2) Answers to interrogatories and requests for admissions signed and sworn to by defendant; (3) Motion for leave to file first amended answer; (4) Defendant's first amended answer with the letter contract and plaintiff's motion for leave to withdraw attached; and (5) Defendant's responses to plaintiff's motion for summary judgment. There are no minute entries in the legal file reflecting that these documents were filed and there is no ruling by the court on the requests to file the amended answer and the responses to the request for admissions and interrogatories. Plaintiff did not file any supplement to the record on appeal as authorized by Rule 81.12(c).

Counsel for defendant did not appear on the date the motion was to be heard and the court took the motion under submission and gave each side ten days to submit written arguments. Plaintiff submitted written argument but the legal file does not reflect that defendant did so. In plaintiff's written argument he stated that defendant's response to the motion for summary judgment was due on December 13, 1995, although the motion

bears a clerk's stamp date of November 8 and the minutes reflect that is the date of filing.

Defendant's response to the motion for summary judgment was not made under oath. It is framed in the form of admitting certain allegations, denying others and explaining or professing lack of knowledge of others.

Review of a summary judgment is *de novo*. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo.banc 1993)[4–6]. We review the record in the light most favorable to the party against whom the judgment was entered. *Id.* at [1–3]. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the nonmoving party's response. *Id.* The propriety of a summary judgment is a matter of law. *Id.* at [4–6]. If the movant is also the claimant, he must establish that there is no genuine dispute as to those material facts upon which the claimant would have had the burden of persuasion at trial. *Id.* at [13]. A "genuine issue" is defined as a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.* at [17]. Summary judgment tests for the existence but not the extent of genuine dispute of material fact. *Id.* at [19]. The key to summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question. *Id.* at [12].

We are unable to conclude that plaintiff is entitled to judgment as a matter of law. His entitlement to judgment on the record before us is dependent on utilizing defendant's failure to respond to requests for admissions as proof of the facts set forth in the requests. That is the effect of a timely failure to object or deny. Rule 59.01(a). The court may, however, permit withdrawal or amendment of the admission. Rule 59.01(c). Here we have requests for admission which were allegedly served on defendant on some unidentified date. No certificate of service was filed with the court as required by the rule and no certificate of service appears on the request for admissions found in the legal file. Defendant filed a request to file answers to the requests for admissions which was never ruled on by the court. This was a request for withdrawal or amendment of the admissions. The answers sought to be given to the requests refute in part at least the facts necessary for plaintiff to prove his case and in addition evidence an absence of knowledge of the defendant to the truth of the statements thereby putting plaintiff to his proof. This relates in particular to the need for the services plaintiff claimed to have rendered and to the reasonableness of the time devoted to such services. Defendant also sought to file an amended answer setting forth additional affirmative defenses with more particularity. This request also was not ruled on by the court. Based on the time frame set forth by plaintiff in his suggestions in support of his motion for summary judgment all of defendant's filings were within the thirty day period for response to the summary judgment.

The record is not in a proper posture to determine whether summary judgment could be given. Until the trial court has ruled on defendant's requests for leave to file answers to the requests and to file an amended answer it cannot determine that no question of fact is present. These issues have not been briefed in this form in this court, but we cannot make a determination of the propriety of summary judgment here in our *de novo* review with the record in its present state.[1]

Judgment is reversed and cause remanded.

CRANE, P.J., and PUDLOWSKI, J., concur.

---

1. We note that the judgment entered appears to be excessive even if plaintiff's documentation is accepted in that the number of hours claimed times the agreed on rate is less than the amount claimed for professional services rendered.